IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No.   CR 01-0385-PHX-ROS |
| | ) | CIV 05-2198-PHX-ROS (DKD) |
| Plaintiff/Respondent, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Joaquin Rubio-Vasquez, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |

TO THE HONORABLE ROSLYN O. SILVER, U. S. DISTRICT JUDGE:

On July 25, 2005, Joaquin Rubio-Vasquez filed a timely Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging the sentence imposed for a violation of his supervised release. He contends he was denied the effective assistance of trial counsel. The Government contends that Rubio-Vasquez failed to establish that but for counsel's alleged erroneous advice, he would have insisted on requiring proof that he violated a term of his supervised release. The Court agrees and recommends that his motion be denied.

Following his arrest and indictment for illegal re-entry after deportation in 2001, Rubio-Vasquez pleaded guilty pursuant to a written agreement, and was sentenced to 51 months' imprisonment, followed by three years of supervised release. *See* Doc. #11, 17, 22. Following his release from custody, he was arrested on December 7, 2004 and removed from the United States to Mexico. On March 22, 2005 he was again arrested pursuant to a criminal complaint, on one misdemeanor count and two felony counts of illegal entry, in

1 violation of 8 U.S.C. §§ 1325 and 1326. On March 23, 2005, he pleaded guilty to one
2 misdemeanor count, in exchange for dismissal of the two felony counts, and was sentenced
3 to six months' imprisonment. As a result of this conviction, the Government filed a petition
4 to revoke his supervised release. *See* Doc. #24. On May 23, 2005, Rubio-Vasquez admitted
5 the violation of Standard Condition #1 of his supervised release: that he not commit another
6 federal, state, or local crime during the term of supervision. *See* Doc. #29. The two-year
7 term of imprisonment imposed by the District Court following his admission of the violation
8 was ordered to be served consecutive to the sentence imposed following his conviction for
9 illegal reentry in March, 2005.

10 Rubio-Vasquez contends that trial counsel advised him that he faced a maximum
11 sentence of six months for his violation of supervised release. Assuming *arguendo* he was
12 so advised, Rubio-Vasquez does not demonstrate that there is a reasonable probability that
13 but for trial counsel's actions, Rubio-Vasquez would not have admitted the violation, but
14 would have insisted on going to trial, and holding the Government to its burden of proof.
15 Absent such a showing, he cannot satisfy the requirement that counsel's actions affected the
16 outcome of the plea process, and thereby prejudiced him. *See Hill v. Lockhart*, 474 U.S. 52,
17 58-60 (1985) (*citing Strickland v. Washington*, 466 U.S. 668 (1984); *United States v.*
18 *Baramydka*, 95 F.3d 840, 844 (9th Cir. 1996)).

19 **IT IS THEREFORE RECOMMENDED** that Joaquin Rubio-Vasquez' Motion to
20 Vacate, Set Aside or Correct Sentence be **DENIED** (Doc. #33).

21 This recommendation is not an order that is immediately appealable to the Ninth
22 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
23 Appellate Procedure, should not be filed until entry of the district court's judgment. The
24 parties shall have ten days from the date of service of a copy of this recommendation within
25 which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules
26 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within
27 which to file a response to the objections. Failure timely to file objections to the Magistrate

28

1 Judge's Report and Recommendation may result in the acceptance of the Report and
2 Recommendation by the district court without further review.  *See United States v. Reyna-*
3 *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual
4 determinations of the Magistrate Judge will be considered a waiver of a party's right to
5 appellate review of the findings of fact in an order or judgment entered pursuant to the
6 Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 5th day of July, 2006.

_____
David K. Duncan
United States Magistrate Judge

- 3 -